UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH WOOLF, | No. 2:16-cv-0777 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| SHERIFF OF SHASTA COUNTY, | |
| Defendant. | |

Plaintiff, a former county jail inmate, commenced this action on April 15, 2016. (ECF No. 1.) On May 23, 2016, the undersigned determined that the complaint stated an Eighth Amendment claim "for injunctive relief" against Shasta County, the sole defendant. (ECF No. 9.)

On October 6, 2016, plaintiff notified the court of his new residential address and stated that he was no longer incarcerated. (ECF No. 15.) On November 22, 2016, Shasta County answered the complaint. (ECF No. 16.) As an affirmative defense, defendant argues that, since plaintiff was released from the Shasta County Jail on October 4, 2016, any claim for injunctive relief is moot. (Id. at 2.)

Though the complaint sought damages along with an injunction, plaintiff did not state a cognizable claim for damages against Shasta County. A municipal entity or its departments is liable under § 1983 only if plaintiff shows that his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom. See Villegas v. Gilroy Garlic Festival

1

1  Association, 541 F.3d 950, 964 (9th Cir. 2008), citing Monell v. Dep't of Soc. Services, 436 U.S.
2  658, 690-94 (1978).  As plaintiff did not allege inadequate medical care pursuant to a county
3  policy or custom, the screening order specified that the operative claim was for injunctive relief.
4       Generally, when an inmate seeks injunctive or declaratory relief concerning the prison
5  where he is incarcerated, his claims for such relief become moot when he is no longer subjected
6  to those conditions.  Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d
7  1365, 1368 (9th Cir.1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir.1991).   In light of his
8  release from Shasta County Jail, plaintiff's claim for injunctive relief is moot and subject to
9  dismissal.
10       However, plaintiff will be granted the opportunity to file an amended complaint in an
11  attempt to state a claim for damages under the standard set forth the May 23, 2016 screening
12  order.  See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (district court dismissing under
13  Rule 12(b)(6) should grant leave to amend unless it appears pleading could not possibly be cured
14  by allegation of other facts).   Upon receipt of an amended complaint or the expiration of the
15  period to file an amended complaint, the undersigned will issue further orders or findings and
16  recommendations as warranted.
17       If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions
18  complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.
19  Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how
20  each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there
21  is some affirmative link or connection between a defendant's actions and the claimed deprivation.
22  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);
23  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory
24  allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of
25  Regents, 673 F.2d 266, 268 (9th Cir. 1982).  If plaintiff chooses to amend the complaint, he
26  should set forth a "short and plain statement" of his claim and any related claims against the
27  appropriate defendants.
28       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

1 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended
2 complaint be complete in itself without reference to any prior pleading.  This is because, as a
3 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
4 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
5 longer serves any function in the case.  Therefore, in an amended complaint, as in an original
6 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

   In accordance with the above, IT IS HEREBY ORDERED that:

   1. The complaint is dismissed without prejudice; and

   2. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated:  December 5, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ wool0777.ord